UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHARI ODOM | ) | ECF CASE |
| Plaintiff | ) | Case Number: 1:11-cv-00113-DAB |
| vs. | ) | CIVIL COMPLAINT |
| DELANOR, KEMPER & ASSOCIATES, LLC | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Shari Odom, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.    Plaintiff, Shari Odom, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District.

## III. PARTIES

4. Plaintiff, Shari Odom is an adult natural person residing at 7210 Maple Lane, Baytown, TX 77521. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Delanor, Kemper & Associates, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Corporation engaged in the business of collecting debt within the States of Texas and New York with its principal place of business located at 303 Park Avenue South, New York, NY 10010.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around June 2010, the Plaintiff began receiving phone calls from the Defendant regarding an alleged debt owed to HSBC.

8. The Defendant calls the Plaintiff several times throughout the day on a daily basis.

9. During the first conversation the Plaintiff had with the Defendant, the Defendant claimed to be calling in regards to a complaint that was filed against the Plaintiff for assault charges.

10. On or around July 5, 2010, the Defendant contacted the Plaintiff's brother and sister-in-law claiming that there was a lawsuit against the Plaintiff involving assault charges.

11. During the aforementioned conversation, the Defendant continued to give information to the Plaintiff's sister-in-law including a reference number which was never even given to the Plaintiff.

12. The Plaintiff is unsure how the Defendant retrieved the number of the Plaintiff's brother since the Plaintiff's brother had recently moved and retained a new phone number which the old number does not leave a forwarding number to.

13. Each time the Defendant calls the Plaintiff, the Defendant always presents themselves as attorneys from a law firm and never discloses the name of the company from which they are calling.

14. The Plaintiff received another phone call from the Defendant claiming that the Plaintiff would soon be served a subpoena if the Plaintiff had not been already.

15. The Plaintiff knew that these claims were false and continued to question the Defendant on what the real reason was for the phone calls until the Defendant finally told the Plaintiff that they were contacting the Plaintiff on behalf of an alleged credit card debt with HSBC from 2006.

16. The Plaintiff was eventually told that the alleged amount due was for approximately $1,200.00.

17. The Plaintiff then tried asking the Defendant where the Defendant was calling from but the agent of the Defendant just yelled at the Plaintiff, "Shut up!" and continued speaking to the Plaintiff in a loud and harassing tone.

18. The Defendant's agent again yelled, "Shut up!" to the Plaintiff when the Plaintiff told the Defendant to stop calling both the Plaintiff and the Plaintiff's family members.

19. After the above conversation ended, the Plaintiff called the number from which the Defendant contacted the Plaintiff on to find out the name of the company.

20. The Plaintiff has not received any information through the mail from the Defendant regarding any information on the alleged debt.

21. The relentless phone calls from the Defendant had exacerbated the current health conditions the Plaintiff is already suffering from.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, the Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and

mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **COUNT I – FDCPA**

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(1): | Contact of Third Party: Failed to identify themselves, or failed to state that collector is confirming or correcting location information |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6): | Placed telephone calls without disclosing his/her identity |

| | |
|---|---|
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692e(3): | Any individual is an attorney or that any communication is from an attorney |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(7): | Consumer committed any crime or other conduct in order to disgrace the consumer |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692e(11): | Communication fail to contain the Miranda warning: "This is an attempt to collect a debt… communication is from a debt collector." |
| §§ 1692e(13): | Documents are a legal process when they are not |
| §§ 1692e(14): | Any name other than the true name of the debt collector's business |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

  §§ 1692g:  Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Delanor, Kemper & Associates, LLC for the following:

 a. Actual damages;

 b. Statutory damages pursuant to 15 U.S.C. § 1692k;

 c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

 d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

    **Respectfully submitted,**

    **WARREN & VULLINGS, LLP**

**Date: December 15, 2010**  **BY:_____**
    Bruce K. Warren, Esquire

    Warren & Vullings, LLP
    1603 Rhawn Street
    Philadelphia, PA  19111
    215-745-9800   Fax 215-745-7880
    Attorneys' for Plaintiff